UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 2:13-00140

ALEXA KEATON


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On October 1, 2018, the United States of America appeared by Monica D. Coleman, Assistant United States Attorney, and the defendant, Alexa Keaton, appeared in person and by her counsel, Tim C. Carrico[1], for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Lilla M. Adkins.  The defendant commenced a three-year term of supervised release in this action on October 16, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on October 10, 2013.

_____

[1]At the hearing held on September 10, 2018, the defendant, by her appointed counsel, Mary Lou Newberger, requested a continuance of the hearing in order to allow time for the defendant to retain new counsel.  The court continued the hearing to October 1, 2018.  In view of the Notice of Appearance filed by Tim C. Carrico on September 30, 2018, and his representation of the defendant during the course of the hearing held this date, it is ORDERED that the appointment of Mary Lou Newberger as defendant's appointed counsel be, and it hereby is, terminated as of this date.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by her on September 26 and October 20, 2016, the defendant having admitted to the probation officer that she had smoked marijuana three times during each of the previous three months with the last occasion being on October 6, 2016; and a positive urine specimen submitted by her on August 19, 2018, for marijuana, the defendant having admitted to the probation officer that she had used marijuana two and a half weeks prior and had used a Lortab without a prescription 45 days prior to the urine screen; (2) the defendant failed to report to the probation officer as instructed on February 22 and 23, April 3, May 9, June 21 and July 6, 2018; (3) the defendant failed to obtain or maintain employment since January 2018; (4) the defendant failed to report her change in employment inasmuch as the probation officer conducted an employment visit at Tidewater Grill on

February 2, 2018, at which time the manager reported that the defendant had not been employed there for several weeks, the defendant having failed to so notify the probation officer until February 27, 2018; (5) the defendant failed to submit to random urinalysis as instructed on March 6, 22 and 28, April 19, May 9, 11, 16, 24 and 29, June 6, 11, 19 and 27, and July 11, 18 and 24, 2018; and (6) the defendant failed to attend individual substance abuse counseling and treatment as directed, as more fully set forth in Violation No. 5; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to

the extent set forth below, it is accordingly ORDERED that the
defendant be, and he hereby is, committed to the custody of the
United States Bureau of Prisons for imprisonment for a period of
TWO (2) MONTHS, to be followed by a term of two (2) years of
supervised release upon the standard conditions of supervised
release now in effect in this district as promulgated by the
Administrative Office of the United States Courts (National Form
AO 245B), the standard conditions as set forth in Local Rule
32.3 and the special conditions that she, immediately upon her
release from imprisonment, transition that same day to, and
participate in and successfully complete, the 90-day inpatient
residential substance abuse treatment program administered
through Prestera at Pinecrest and, once completed, transition
that same day directly to, participate in and successfully
complete the 6 to 12 month residential substance abuse treatment
program at the Renaissance program or the Mattie V. Lee Home,
where she shall follow the rules and regulations of the facility
and participate in drug abuse counseling and treatment as
directed by the facility and the probation officer.

        The defendant was remanded to the custody of the
United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  October 1, 2018

John T. Copenhaver, Jr.
United States District Judge